**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| THUY NGUYEN, derivatively on behalf of WALMART INC.,<br><br>Plaintiff,<br>v.<br><br>C. DOUGLAS McMILLON, M. BRETT BIGGS, JR., CESAR CONDE, TIMOTHY P. FLYNN, SARAH J. FRIAR, CARLA A. HARRIS, THOMAS W. HORTON, MARISSA A. MAYER, GREGORY B. PENNER, STEVEN S. REINEMUND, S. ROBSON WALTON, and STEUART L. WALTON,<br><br>Defendants<br><br>and<br><br>WALMART INC.<br><br>Nominal Defendant. | C.A. No. 21-cv-00551-CFC |

**STIPULATION AND [PROPOSED] ORDER DISMISSING ACTION WITH PREJUDICE**

Plaintiff Thuy Nguyen ("Plaintiff") and Defendants C. Douglas McMillon, M. Brett Biggs, Jr., Cesar Conde, Timothy P. Flynn, Sarah J. Friar, Carla A. Harris, Thomas W. Horton, Marissa A. Mayer, Gregory B. Penner, Steven S. Reinemund, S. Robson Walton, and Steuart L. Walton and Nominal Defendant Walmart Inc. (collectively, "Defendants," and with Plaintiff, the "Parties"), hereby jointly stipulate and agree as follows:

WHEREAS, on April 16, 2021, Plaintiff filed a verified stockholder derivative complaint in the above-captioned action against Defendants (the "Action");

WHEREAS, the Action is factually related to a securities class action lawsuit captioned *In re Walmart Inc. Securities Litigation.*, Case No. 1:21-cv-00055-CFC (D. Del.) (the "Securities Class Action");

WHEREAS, on June 28, 2021, the Court entered a stay of the Action until the motion to dismiss in the Securities Class Action has been "denied in whole or in part" or "granted with prejudice, including any appeals pertaining to the motion to dismiss have concluded";

WHEREAS, on April 8, 2024, the Court granted the motion to dismiss the Securities Class Action with prejudice;

WHEREAS, on April 29, 2024, the lead plaintiffs in the Securities Class Action filed a notice of appeal to the U.S. Court of Appeals for the Third Circuit, which appeal remains pending;

WHEREAS, the Action is also factually related to two other stockholder derivative lawsuits: a putative derivative lawsuit filed in this Court and captioned *Abt v. Alvarez, et al.*, Case No. 1:21-cv-00172-CFC (D. Del.) (the "Abt Action"); and a putative derivative lawsuit filed in the Delaware Court of Chancery, captioned *Ontario Provincial Council of Carpenters' Pension Trust Fund, et al. v. Walton, et al.*, Case No. 2021-0827-JTL (the "Court of Chancery Action");

WHEREAS, on or about October 13, 2024, the parties to the Court of Chancery Action reached a settlement that resolved the claims in the Court of Chancery Action and, among other things, released the claims in the Abt Action and this Action (the "Settlement")[1];

WHEREAS, on December 20, 2024, the Delaware Court of Chancery approved the Settlement pursuant to Court of Chancery Rule 23.1;

[1] A true and correct copy of the Stipulation and Agreement of Settlement, Compromise, and Release is attached hereto as Exhibit 1.

WHEREAS, as part of approving the Settlement, including its releases, the Delaware Court of Chancery determined that notice of the Settlement to Walmart stockholders was adequate and sufficient and that stockholders had a reasonable opportunity to object to the Settlement[2];

WHEREAS, the notice to stockholders included: (1) Walmart furnishing a copy of the stipulation and notice of Settlement as exhibits to a Form 8-K with the United States Securities and Exchange Commission; (2) Walmart posting the Form 8-K (which furnished the stipulation and notice of Settlement as exhibits) to the investor relations section of Walmart's website; (3) Walmart causing the summary notice of Settlement to be published over the Business Wire; (4) Walmart mailing the notice of Settlement to its stockholders of record; and (5) plaintiffs' counsel in the Court of Chancery Action posting the stipulation and notice of Settlement on their respective websites;

**IT IS SO STIPULATED AND AGREED**, by and among the Parties, subject to the Court's approval, as follows:

1. All claims asserted in the Action are DISMISSED WITH PREJUDICE.

2. Pursuant to Federal Rule of Civil Procedure 23.1(c), no notice of the dismissal is required because Walmart stockholders received adequate and sufficient notice of the Settlement in the Court of Chancery Action.

---

[2] A true and correct copy of the Court of Chancery's order approving the Settlement ("Judgment") is attached hereto as Exhibit 2. The Court of Chancery determined that there were no valid objections to the Settlement.

Dated: January 13, 2025

**deLeeuw Law LLC**

*/s/ P. Bradford deLeeuw*________________
P. Bradford deLeeuw
1301 Walnut Green Road
Wilmington, DE 19801
Telephone: (302) 274-2180
Facsimile: (302) 351-6905
Email: brad@deleeuwlaw.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

**RICHARDS, LAYTON & FINGER, P.A.**

*/s/ Raymond J. DiCamillo*________________
Robert W. Whetzel (#2288)
Raymond J. DiCamillo (#3188)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: whetzel@rlf.com
Email: dicamillo@rlf.com

***Counsel for Defendants***

IT IS SO ORDERED this ____ day of __________, 2025.

______________________________________

UNITED STATES DISTRICT JUDGE